Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIGGE CRANE AND RIGGING CO., a corporation,<br><br>Defendant. | Case No. 11-01859-RSM<br><br>**CONSENT DECREE** |

## I.   STIPULATIONS

Plaintiff Waste Action Project sent a sixty day notice of intent to sue letter to Defendant Bigge Crane dated September 1, 2011, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Bigge Crane's facility in Auburn, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

Bigge Crane denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Waste Action Project and Bigge Crane agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate

CONSENT DECREE: 11-01859-RSM
p. 1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

means of resolving this action.

Waste Action Project and Bigge Crane stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this ____ day of _____, 2012

| MARTEN LAW PLLC | SMITH & LOWNEY PLLC |
|---|---|
| By s/Jeff B. Kray | By   s/Richard A. Smith |
| Jeff B. Kray, WSBA #22174 | Richard A. Smith, WSBA #21788 |
| Attorneys for Defendant | Attorneys for Plaintiff |
| Bigge Crane and Rigging Co. | Waste Action Project |
| | |
| BIGGE CRANE AND RIGGING | WASTE ACTION PROJECT |
| | |
| By _____ | By _____ |
| Title: _____ | Greg Wingard |
| | Executive Director |

## II.     ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Bigge Crane and Rigging of its Facility at 221 30th St. NE, Auburn, Washington 98002 (the "*Facility*").

CONSENT DECREE: 11-01859-RSM
p. 2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

5.      This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its terms.

6.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or misconduct on the part of Bigge Crane.

7.      Bigge Crane agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

a.      Bigge Crane will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000929 (the "**NPDES permit**") and any successor, modified, or replacement permit;

b.      Bigge Crane will install and implement the following structural source control best management practices ("BMPs"), as soon as possible, but no later than September 30, 2012:

   1)   replacing the facility's building roof with an epoxy-based product;

   2)   repainting the siding of the facility's building; and

   3)   sealing broken asphalt around the facility;

c.      Immediately following the installation of the structural source control BMPs identified in section 7(b) of this consent decree, Bigge Crane will monitor its stormwater discharges from both outfalls at least once per month for six months to determine whether the structural source control BMPs eliminate exceedences of the benchmarks for turbidity, zinc, and copper. For the purposes of this subparagraph, a valid

CONSENT DECREE: 11-01859-RSM
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

sample is one taken within the first 12 hours of a stormwater discharge event and that is representative of the discharge, and otherwise taken and analyzed in conformity with the requirements of NPDES permit condition S4.  For the purposes of this subparagraph, Bigge Crane may average monitoring results of multiple valid samples that are taken within the same month.  Bigge Crane need not collect a monthly sample if there is no discharge during the month, or if it has no regular business hours during the first 12 hours of any stormwater discharge event during the month;

d. If any of Bigge Crane's monthly monitoring results reveal that discharges have exceeded one or more of the benchmarks for turbidity, zinc, or copper, Bigge Crane must immediately re-commence its evaluation of treatment BMPs and, within sixty (60) days of receiving the monthly monitoring results that reveal the benchmark exceedence(s), prepare an engineering report and plan for treatment BMPs.  The engineering plan must satisfy the requirements of WAC Ch. 173-240 for industrial wastewater facilities;

e. Upon completing an engineering report and plan, Bigge Crane must immediately forward a copy to Waste Action Project and Waste Action Project will have twenty (20) days from receipt of the plan to review and comment upon the plan.  Bigge Crane will pay up to one thousand ($1,000) dollars of Waste Action Project's reasonable expert fees and costs in reviewing and commenting on the treatment plan.  Bigge Crane will provide good faith responses to Waste Action Project's comments within twenty (20) days of receiving them;

f. Bigge Crane will implement the treatment BMPs described in the treatment plan as soon as possible but no later than September 30, 2013; and

g. Bigge Crane will forward copies of all written or electronic communications between it and the Department of Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports, to Waste Action Project on or before the NPDES permit's quarterly

CONSENT DECREE: 11-01859-RSM
p. 4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

due dates for discharge monitoring reports. This obligation will continue for one year following the completion of Bigge Crane's six-month period of monthly monitoring, or following the installation of treatment BMPs, whichever is later.

8.  Not later than 30 days after the entry of this Consent Decree, Bigge Crane will pay $23,500.00 (TWENTY-THREE THOUSAND, FIVE HUNDRED DOLLARS) to the Middle Green River Coalition for its Soos Creek Water Quality Project described in Attachment A to this Consent Decree. Checks shall be made to the order of Middle Green River Coalition, attn: Lisa Parsons, 29044 222nd SE PL, Black Diamond, WA 98010. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Bigge Crane and Rigging Co." A copy of each check and cover letter, if any, shall be sent simultaneously to: Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98104. Plaintiff shall ensure that on or before termination of this Consent Decree, * shall provide Bigge Crane with a written report demonstrating that it spent the funds consistently with the project description in Attachment A.

9.  Bigge Crane will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of $13,227.00 (THIRTEEN THOUSAND, TWO HUNDRED, TWENTY SEVEN DOLLARS). Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims Waste Action Project may have under the Clean Water Act for fees and costs.

10.  A force majeure event is any event outside the reasonable control of Bigge Crane that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Bigge Crane notifies Waste Action Project of the event; the steps that Bigge Crane will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in

CONSENT DECREE: 11-01859-RSM  
p. 5

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

completing the task.

Bigge Crane will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which defendant has no control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes; and

g. Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting either party may file a motion with this court to resolve the dispute.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent

CONSENT DECREE: 11-01859-RSM  
p. 6

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

Decree by the parties, Waste Action Project shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates three years after that date, or 90 days after completion of all obligations under Decree, whichever is later.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to WAP:**

Waste Action Project
P.O. Box 4832
Seattle, WA   98104
email: gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA   98112
email: rasmithwa@igc.org

**if to Bigge Crane and Rigging Co.**:

Bigge Crane and Rigging Co.

CONSENT DECREE: 11-01859-RSM
p. 7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Attn: Jim Coenen
10700 Bigge Ave.
San Leandro, CA 94577
email:  jcoenen@bigge.com

**and to:**

Marten Law PLLC
1191 Second Ave, Suite 2200
Seattle, WA 98101
email: jkray@martenlaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 4 day of September 2012.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

SMITH & LOWNEY PLLC

By _____
Jeff B. Kray, WSBA #22174
Attorneys for Defendant
Bigge Crane and Rigging Co.

By _____
Richard A. Smith, WSBA #21788
Attorneys for Plaintiff
Waste Action Project

CONSENT DECREE: 11-01859-RSM
p. 8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883